*344 OPINION.
Trussell:
This is purely a fact case in which we are required to determine, from the evidence, the value in 1905 of a leasehold for invested capital purposes, and also the value as of March 1, 1913, of *345 the same leasehold for purposes of computing allowances for the amortization or exhaustion thereof in connection with the determination of net income.
The petitioner is a corporation which was organized in 1905 for the express purpose of taking over the leasehold, erecting an office building on the site, and operating the property. At the outset, the sole assets of the petitioner consisted of the valuable rights acquired under the lease contract and an amount of $50,000 in cash. All of this capital was contributed by the stockholders in 1905 and currently within that year the lease was valued upon the books at $50,000 and, in all, capital stock in an amount of $100,000 par value was issued to the three original stock subscribers.
The leasehold is expressly tangible property with respect to invested capital, see section 325 (a) of the Revenue Act of 1921, and its actual cash value when paid in is statutory invested capital, see section 326 (a) (2) and (3) of the statute. This is so, whether paid in for stock or as paid-in surplus. The respondent has determined that the leasehold had no actual value when acquired by the petitioner but, after consideration of the evidence adduced, we are unable to agree with this determination. Farish, who was the prime mover from the very beginning, was an experienced real estate operator and, we believe, a well qualified judge of opportunities and of values in the real estate field in St. Louis. He was instrumental in securing the leasehold on what appear to us to be advantageous terms; he was an organizer and stockholder in the petitioner. Farish took the stand in behalf of the petitioner and testified convincingly to a value of $50,000 for the leasehold in 1905 when acquired by the petitioner. He testified that he was of that opinion in 1905 when a value of $50,000 was entered upon the books and that the other stockholders had agreed with him. In the initial year, and prior to the completion of the building, the three original stockholders, then holding all of the outstanding stock, interested other individuals in the enterprise, selling them out of their holdings $50,000 par value of the stock for a cash consideration of $50,000. Since at this time the assets behind the stock had not been increased by profitable operation of the building and the fair market transaction involved a transfer of a 50 per cent interest, we think the consideration definitely expressed a fair market cash value for the stock equal to its par value and for all practical purposes effected an evaluation of the leasehold in the amount of $50,000. We see no reason for assigning any value in excess of cost to the petitioner’s equity in the then uncompleted building. All of this leads to the conclusion that the cash value for invested capital purposes of the leasehold when acquired by the petitioner in 1905 was $50,000 and, *346 as contributed capital, that value is properly allowable in the statutory invested capital of the petitioner, subject however to accumulated reductions of earned surplus by way of allowances for amortization or exhaustion, spread pro rata over the life of the leasehold.
The evidence shows that the leasehold increased in value as the neighborhood grew more and more into a business center and the ground rentals provided in the lease contract grew comparatively cheaper and cheaper. The vice president of one of the large St. Louis banks, a man actively in touch with real estate matters for 25 years, and, we believe, well qualified to express an opinion, testified to a value for the leasehold as of March 1,1913, of $175,000'. Farish, also well qualified, testified to a value which corroborates this opinion. There is practically nothing to the contrary. Not only is this evidence convincing, but it may not be disregarded. We therefore conclude that the value amounted to $175,000 of the leasehold as of March 1, 1913, for purposes of computing allowances for the amortization or exhaustion thereof, in determining net income.
The net income, average invested capital, and resulting tax liability will be recomputed in accord with this opinion.

Decision will be entered ’pursuant to Bule 50.